IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

HELENA CHEMICAL COMPANY                              PLAINTIFF

v.                         No. 4:15-cv-324-DPM

EMMET TORIAN; and
EMMET TORIAN FARMS                                   DEFENDANTS

## ORDER

**1.** Emmet Torian Farms bought rice seed and chemicals from Helena Chemical Company on credit. Emmet Torian—the man doing business as Emmet Torian Farms—guarantied payment. Torian got behind on his payments in 2014 when bad weather hurt his crops. № 12-2 at ¶ 2. His bill now comes to approximately $147,000 in principal and $2,000 in monthly finance charges. № 14-8. Helena sues for payment. Its motion for summary judgment, № 9, is granted as modified.

**2.** Torian and his business admitted most of the facts: the account, the guaranty, and many unpaid invoices. № 13 at 1–2. They disputed two things. The first is the balance on two invoices. Invoices 1253 and 3530 divide their charges 75/25 between Torian Farms and Bell Farms because the farms

shared some acreage.  Torian says that's not right; the split should've been 50/50.  № 12-2 at 1–2.  Helena says that even though Torian signed off on 75/25 and should've spoken up sooner, it has re-done the split to take this fact in Torian's favor.  № 14-1 at 1–2.

The second dispute is legal: Is the credit agreement's 1.4% monthly finance charge usurious?  The parties chose Tennessee law. № 1 at 7; 14-4 at ¶ 18.  Tennessee caps interest at a specified annual rate—currently 7.5%.  TENN. CODE ANN. § 47-14-105;  № 12-3.  The finance charge in the credit agreement more than doubles that rate.  Torian says all this is usury.  Helena contends the charge isn't interest, but rather a time–price differential.

A time–price differential is the added cost of paying later instead of paying now.  Black's Law Dictionary 1711 (10th ed. 2014).  Tennessee distinguishes this kind of payment from interest. TENN. CODE ANN. § 47-14-102(8) & (11).  And Tennessee's usury law doesn't apply to time-price differentials. TENN. CODE ANN. § 47-14-120(a); see also Dennis v. Sears, Roebuck & Co., 446 S.W.2d 260, 263, 223 Tenn. 415, 421 (1969) (discussing a time–price differential and a statute about retail charge agreements).  Helena is right that the credit agreement's finance charge is a time–price differential because there

was no loan of money. The seed, chemicals, and other goods had one price if paid for within 30 days, and another price if paid for over time. That's not interest, so the rate's not usurious. TENN. CODE ANN. § 47-14-120(a); *see also* RESTATEMENT OF CONTRACTS § 526 illus. 4 (1932).

**3.** The amount owed, after adjusting Invoices 1253 and 3530, is this:

| | |
|---|---|
| Principal: | $147,555.15 |
| Monthly finance charges through 25 March 2016: | $42,959.99 |
| Monthly finance charges since 25 March 2016: | $2,065.77 |
| **Total:** | **$192,580.91** |

№ 14-1 at 4. Helena also seeks "post-judgment finance charges," but the Court can't award them. № 9 at 3. Post-judgment interest is a matter of federal, rather than state, law. *Drovers Bank of Chicago v. National Bank and Trust Company of Chariton*, 829 F.2d 20, 23 n.3 (8th Cir. 1987). The Court will award post-judgment interest under 28 U.S.C. § 1961. And Helena is contractually entitled to a reasonable attorney's fee. № 9-3 at ¶ 3 & 14-4 at ¶ 6; *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 309 (Tenn. 2009).

\*   \*   \*

Motion, № 9, granted as modified.

So Ordered.

_DP Marshall Jr._
D.P. Marshall Jr.
United States District Judge

9 May 2016