## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**HELENA CHEMICAL COMPANY**                                    **PLAINTIFF**

v.                              **No. 4:15-cv-324-DPM**

**EMMET TORIAN; and**
**EMMET TORIAN FARMS**                                          **DEFENDANTS**

### ORDER

Motion, № 17, granted as modified.  Helena is contractually entitled to a reasonable attorney's fee under Tennessee law. № 15 at 3.  Torian doesn't contest the rates charged by Helena's lawyers, and they're reasonable.  Torian instead argues that the lawyers spent too much time on this case.  He admitted signing the agreements and using the credit.  This was mainly a fight about how much was owed — and Torian won a concession on that point.  Still and all, Torian put Helena to proof rather than consenting to judgment for the undisputed amount, and that made Helena incur more lawyer fees.  Helena also had to address Torian's usury point.  And the fee bills reflect reasonable collaboration, not unreasonable duplication.  All material things considered, $15,439 is a reasonable fee for this particular case. *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176–77, 180–81 (Tenn. 2011).  Under Rule 54(d) and the governing statute, 28 U.S.C. § 1920, Helena can't recover

for the private process servers as costs. *Crues v. KFC Corporation*, 768 F.2d 230, 234 (8th Cir. 1985). But it's entitled to recover its $400 filing fee. Torian owes Helena $15,839 for reasonable attorney's fees and costs.

So Ordered.

*D.P. Marshall Jr.*
United States District Judge

21 JUNE 2016